IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDER RUE,

        Plaintiff,

v.                                                                                                                          Civ. No. 01-1036 JP/LFG

CITY OF ALBUQUERQUE,
a Municipal Corporation,
MARGIE BACA ARCHULETA,
in her capacity as Clerk of the
City of Albuquerque, and
THE CITY OF ALBUQUERQUE
BOARD OF ETHICS AND CAMPAIGN
PRACTICES, a board of the City of
Albuquerque,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On September 10, 2002, in its final supplemental briefing on Plaintiff's Motion for Summary Judgment (Doc. No. 40), the City of Albuquerque (City) responded to the Court's request to explain how this case "is factually distinguishable in a manner that would permit a result different from that reached by Judge Vázquez" in *Homans v. City of Albuquerque, et al.*, Civ. No. 01-917 MV/RLP. In its response the City did not attempt to factually distinguish this case from *Homans*, which held that the City's campaign expenditure limit for a mayoral candidate was unconstitutional. Civ. No. 01-917 MV/RLP, Doc. No. 48. Instead, the City argued that neither Judge Vázquez's judgment nor the Tenth Circuit's order in *Homans* is binding here.

According to the City, Judge Vázquez incorrectly assumed "that the Tenth Circuit's injunction order requires entry of judgment for Plaintiff." September 10, 2002, Letter Brief from

Randy M. Autio, Deputy City Attorney at 3 (Letter Brief).  The City is certainly correct that in an ordinary case a district court is not bound by an appellate court's decision on preliminary relief since an appellate "decision on a preliminary injunction is, in effect, only a prediction about the merits of the case."  *U.S. v. Local 560 (I.B.T.)*, 974 F.2d 315, 330 (3d. Cir. 1992).  In *Homans*, however, the Tenth Circuit's "prediction" about the outcome of the case was not based at all on the facts, but rather on what that Court declared was a "legal error concerning the First Amendment."  *Homans v. City of Albuquerque, et al.*, 264 F.3d 1240, 1243 (10th Cir. 2001). The Tenth Circuit brushed aside the City's argument that "the facts do matter," and held that the "compelling governmental interests identified by the district court, under the broad headings of preserving faith in democracy and deterring the appearance of corruption, are really no different than the interests deemed insufficient to justify expenditure limitations in *Buckley v. Valeo*, 424 U.S. 1 (1976)."  264 F.3d at 1244 (full citation inserted).  The Tenth Circuit's order in *Homans* repudiated the governmental interests asserted in that case, which are the same interests the City has asserted here.

Nonetheless, the City has argued that its compelling governmental interest "in freeing officeholders from the pressures of endless fundraising so as to preserve their time for performing their duties as representatives" was not addressed in *Buckley* or the Tenth Circuit's order in *Homans*.  Letter Brief at 3.  In its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, the City argued that the Tenth Circuit's order in *Homans* identified "only two compelling interests supporting spending limits, namely, 'preserving faith in democracy and deterring the appearance of corruption.'"  Doc. No. 49 at 47.  However, the appellate order in *Homans* went much farther than the City admits.

2

As Judge Vázquez observed in her Findings of Fact and Conclusions of Law, "the Tenth Circuit made its own independent examination of the record . . . and found that the interests the City's expenditure limitations were enacted to protect are insufficient to survive a First Amendment challenge." Civ. No. 01-917 MV/RLP, Doc. No. 46 at 17. The Tenth Circuit's examination of the record in *Homans* necessarily revealed that the City enacted campaign expenditure limitations in part to permit candidates and officeholders to spend less time fundraising and more time interacting with voters and performing official duties. This interest was characterized in both the City's briefing, Civ. No. 01-917 MV/RLP, Doc. No. 13 at 9 & 15, and in Judge Vázquez' Memorandum Opinion and Order, Civ. No. 01-917 MV/RLP, Doc. No. 21 at 8, 10 & 12, as a governmental interest that was present in *Homans,* which *Buckley* did not address. Judge Vázquez' Memorandum Opinion and Order specifically stated that preserving the public's faith in democracy and reducing the appearance of corruption were enhanced by campaign expenditure limits because without spending limits "candidates are [] forced to spend innumerable hours eliciting contributions rather than performing public duties or ascertaining the interests of those citizens unable to make large financial contributions to their campaigns." Civ. No. 01-917 MV/RLP, Doc. No. 21 at 12. Hence, the City's interest in freeing officeholders from the pressures of endless fundraising was addressed by the Tenth Circuit in *Homans* as one of the "compelling governmental interests identified by the district court[] under the broad headings of

3

preserving the faith in democracy and deterring the appearance of corruption." 264 F.3d at 1244.[1]

Here, Plaintiff has challenged the campaign expenditure limit for a City Councillor candidate, which is based on the same formula as a candidate for mayor.[2] After a full review of the relevant facts and law Judge Vázquez held that the City's campaign expenditure limit for a mayoral candidate violated the First Amendment to the United States Constitution. Judge Vázquez observed that "under the Tenth Circuit's interpretation of *Buckley* and its application of *Buckley* to the instant facts, this Court is constrained to find that the expenditure limitations in the City Charter constitute an unconstitutional infringement of the First Amendment." Civ. No. 01-917 MV/RLP, Doc. No. 21 at 17. The City has not factually distinguished this case from *Homans* or offered a persuasive legal rationale for deviating from Judge Vázquez' judgment. Accordingly, under the Tenth Circuit's interpretation of the law in *Homans*, the governmental interests asserted here by the City of Albuquerque in support of its campaign expenditure limitation for a City Councillor candidate do not overcome *Buckley's* holding that campaign expenditure limitations violate the First Amendment to the United States Constitution.

---

[1] Another aspect of the appellate order in *Homans* counsels against the City's view that this interest went unaddressed. The Tenth Circuit's order summarily rejected the concurring analysis of Judge Cohn in *Kruse v. City of Cincinnati*, 142 F.3d 907, 919-920 (6th Cir. 1998). Judge Cohn had opined that the "independent interest in freeing officeholders from the pressures of fundraising so they can perform their duties" survived *Buckley*.

[2] A candidate for either the office of mayor or city councillor is prohibited by Article XIII, Section 4(d) of Albuquerque's City Charter from making campaign expenditures greater than "twice the amount of the annual salary paid by the City of Albuquerque" for the office "as of the date of filing of the Declaration of Candidacy."

4

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 40) is GRANTED, and Plaintiff is entitled to the following relief:

(1) a declaratory judgment that Article XIII, Section 4(d)(1) of the Albuquerque City Charter violates the First Amendment of the United States Constitution; and

(2) a permanent injunction enjoining the City of Albuquerque from enforcing the expenditure limitation under Article XIII, Section 4(d)(1) of the Albuquerque City Charter.

_____
CHIEF UNITED STATES DISTRICT JUDGE